BEN LEVY v. THE CITY OF KANSAS CITY *et al.*

No. 14,685.   (86 Pac. 149.)

GAMBLING-HOUSES—*Licensed in Violation of Law—Prosecution—Injunction.* A city, in violation of law, by ordinance authorized the granting of licenses to conduct gambling-houses in certain districts. A licensee sought to enjoin the city from interfering with his conduct of a gambling-house in a prohibited district. Proceeding dismissed.

Error from Wyandotte district court; J. McCABE MOORE, judge. Opinion filed July 6, 1906. Dismissed.

*I. J. Ringolsky, C. F. Hutchings,* and *Waggener, Doster & Orr,* for plaintiff in error.

*Edwin S. McAnany,* city counselor, and *Ralph Nelson,* city attorney, for defendants in error.

*Per Curiam:* The city of Kansas City, Kan., in violation of law, enacted an ordinance providing for the granting of licenses to gamblers to violate the law in certain portions of the city. Ben Levy, the plaintiff in error, was a gambler. He paid to the city treasurer $5000, and procured a license to run a gambling-house in the city. He opened a place of business within the prohibited district and commenced negotiations with the public, for which he was prosecuted and fined. He then filed in the district court of Wyandotte county a petition alleging these facts and that the city intended and would cause him to be arrested if he again opened his place of business at this place, and asked for an injunction restraining the city from again interfering with him or his business. Notice was served on the city, and upon its default the district court granted a temporary injunction enjoining the city from in any wise interfering with or preventing the plaintiff from conducting his business under and pursuant to the license issued to him, and also enjoining the mayor, the chief of police and the city counselor from arresting

him or prosecuting him for conducting his business, unless he should be found to be conducting it in a disorderly manner. To the petition the city then filed an answer, and in the same suit filed a petition alleging that Levy was violating the ordinance of the city by conducting his business in the city within the prohibited district, and asked that he be perpetually enjoined therefrom. After a hearing the court dissolved the temporary injunction issued in favor of the plaintiff in error, and granted a perpetual injunction restraining Levy from conducting his gambling-house within the prohibited limits. To reverse the order setting aside his temporary injunction and the order granting the city a perpetual injunction he prosecutes this proceeding.

This is probably the first instance in the history of the state that a professional criminal, confessing to a daily violation of the law, has had the effrontery to apply to a court of equity for protection from arrest and public prosecution while he pursues his criminal vocation. It would indeed be a sad commentary on our jurisprudence if a justification could be found for holding that a license to commit crime, issued by a city administration, could be made the basis of equitable interference for the protection of the holder from public prosecution while he continues to violate the law. The conduct of the parties is equally culpable, and neither deserves any consideration at the hands of a court.

The proceeding is dismissed.